I concur fully in the main opinion. However, I write to further emphasize why Ex parte Payne, 741 So.2d 398 (Ala. 1999), is distinguishable from this case. In *Page 294 Payne, a single document, the "Retail Buyer's Purchase Order," was at issue. Id., at 399. The Retail Purchase Order included an arbitration agreement; it also included a condition precedent in the event the transaction was a credit transaction, providing that the "offer is not accepted" until the transaction is approved by a bank or finance company. Id., at 403. Because the credit application was not approved by a bank or finance company, this Court held that the condition precedent did not occur and that, therefore, the terms of the Retail Purchase Order did not become binding. Id., at 403-04 (stating that the dealer, Jay Pontiac, could not seek to enforce the arbitration provision found within the Retail Purchase Order and also claim that the Retail Purchase Order did not constitute a binding contract).
In this case, the parties signed multiple documents: two retail installment contracts, two retail buyer's orders containing arbitration provisions, a separate arbitration agreement, the delivery receipt, and other documents necessary to complete the transaction (title applications, warranty disclosures, credit application, etc.). The main opinion properly "construe[s] all of those documents as a single contract. See ANCO TV Cable Co. v.Vista Communications Ltd. P'ship I, 631 So.2d 860 (Ala. 1993)."891 So.2d at 290. However, only the retail buyer's order provided that "[t]his order shall not become binding until" accepted by the dealer and that "in the event of a time sale[,] dealer shall not be obligated to sell until approval of the terms hereof is given by a bank or finance company. . . ." Therefore, although the retail buyer's order in this case, by its terms, did not become binding because the bank did not approve its terms, the remaining documents, including the freestanding arbitration agreement separately signed by the parties and not made subject to approval by any bank or finance company, remain effective.
LYONS, J., concurs.